IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE         )
                          )
                          )
        v.                )    ID No. 1307019559
                          )
ANTHONY CICIONE, JR.,     )
                          )
        Defendant.        )

## MEMORANDUM OPINION

On April 20, 2013, Defendant drove through a stop sign and struck a vehicle in which Anthony McGuire was a passenger. Mr. McGuire was pronounced dead at the scene. According to the State, analysis of blood drawn from Mr. Cicione shortly after the accident revealed the presence of alcohol and traces of marijuana or its active ingredient, THC. It is the presence of the traces of marijuana which give rise to the instant motion. A provision of the Delaware Code makes it unlawful to operate a motor vehicle while any amount, no matter how small, of a recreational or illicit drug is in the driver's bloodstream. On the literal eve of trial Defendant filed a motion seeking to have this court declare that statutory

provision unconstitutional because it ostensibly deprives him of substantive due process. He filed a second motion asking this court to conduct an evidentiary hearing so that Defendant could introduce scientific evidence that trace amounts of marijuana or its metabolite in the bloodstream do not adversely affect an individual's ability to drive

This aged case, which has had a history of several continuances (the defendant is free on bail), was recently specially assigned to this judge. Defendant filed these motions the afternoon before jury selection was scheduled to begin. Defense counsel's explanation for the delay was that, although he had previously contemplated a motion seeking to declare the statute unconstitutional, he had just "stumbled" across some information about the affects of trace amounts of marijuana. Defendant told the court he did not expect the court to decide the issue until after trial. The court concluded it would be unfair to wait because the recreational-or-illicit-drug theory was only one of four theories the State was advancing. The court believes the State's (if not the defendant's) trial strategy might depend in part on whether the statute is constitutional. The court researched the issue after the

conclusion of the first day of a two-day jury selection and concluded that Defendant's motion was meritless. Rather than delay matters and thereby prolong any uncertainty, the court decided it need not await reply from the State which likely would mirror what the court's own research had revealed. Consequently the court announced in open court that Defendant's motions were denied and that an explanation for that decision would follow. This is that explanation.

Section 4177 (a)(6) of title 21 makes it unlawful to drive a vehicle "[w]hen the person's blood contains . . . any amount of an illicit or recreational drug. . . or any amount of a substance or compound that is the result of the unlawful use or consumption of an illicit or recreational drug." Defendant argues that there is no scientific evidence that trace amounts of an illicit or recreation drug (or metabolites thereof) in someone's blood impairs someone's ability to drive safely. In other words, according to Defendant, there is some minimal or threshold level below which it is safe to drive. Defendant contends that because the statute makes it unlawful to drive below that supposed threshold level (whatever that level might be) it is an invalid exercise of the police power and therefore violates

3

his right to substantive due process as set out in the United States Constitution.

Defendant offers little, if anything in the way of meaningful analysis. Citing only two older Maryland cases, a single federal appellate opinion and a treatise – none of which are on point -- he sweeps to the conclusion "the general constitutional requirement [is] thus established . . ." But Defendant's federal police powers argument fails from the start because, as Defendant fails to note, the police power limitation in the Federal Constitution (the enumerated powers in Article I, section 8) applies only to Congress. All remaining powers, according to the Constitution, are reserved to the States.[1]    *National Federation of Independent Business v. Sebelius*[2] has this to say about the relationship between the enumerated powers of Congress and the states:

> The Federal Government has expanded dramatically over the past two centuries, but it still must show that a constitutional grant of power authorizes each of its actions.
>
> The same does not apply to the States, because the Constitution is not the source of their power. The Constitution may restrict state governments—as it does, for example, by

---

[1]  U.S. Const., amend X.

[2]  ___ U.S. ___, 132 S.Ct. 2566 (2012).

4

> forbidding them to deny any person the equal protection of the laws. But where such prohibitions do not apply, state governments do not need constitutional authorization to act.[3]

While many federal constitutional provisions limit the power of the Delaware General Assembly, the First Amendment for example, the enumerated powers section of the federal constitution is not one of them.

Defendant's argument could be laid to rest here, but because Defendant incants the phrase "due process," the court will consider the Due Process clause of the Fourteenth Amendment as well. Once again Defendant offers no real analysis. He does not even address, much less satisfy, the threshold question inherent in any due process analysis: whether he has been deprived of "life, liberty or property."

Section 1 of the Fourteenth Amendment is familiar—it provides in part that "nor shall any State deprive any person of life, liberty or property, without due process of law." In order to invoke the Due Process clause, therefore, Defendant must first make the

---

[3] *Id.* at 2578.

5

initial showing that he has been deprived of "life, liberty, or property."  Not only that, he must also show that any liberty interest involved here is "deeply rooted in this nation's history and tradition . . .  and implicit in the concept of ordered liberty."[4]  The "absence of any claim by the plaintiff that an interest in liberty or property has been impaired is a fatal defect in her substantive due process argument."[5]  The Eighth Circuit Court of Appeals summarized the law this way:

> The Due Process Clause of the Fourteenth Amendment prohibits state governments from depriving "any person of life, liberty, or property, without due process of law...."  This clause has two components: the procedural due process and the substantive due process components. Analysis of either a procedural or substantive due process claim must begin with an examination of the interest allegedly violated and the possession of a protected life, liberty, or property interest is a condition precedent to any due process claim. Where no such interest exists, there can be no due process violation.  Merely labeling a governmental action as arbitrary and capricious, in the absence of the deprivation of life, liberty or property will not support a substantive due process claim.[6]

---

[4]  *Chavez v. Martinez*, 538 U.S. 760, 774 (2003)(internal quotation marks omitted).
[5]  *Jeffries v. Turkey Run Consol. Sch. Dist.*, 492 F.2d 1, 4  (7th Cir.1974) (opinion by Stevens, J.)
[6]  *Singleton v. Cecil*, 176 F.3d 419, 424 (8th Cir. 1999)(internal quotation marks and editing omitted).

The Supreme Court requires the analysis here to begin with a "careful description of the asserted fundamental liberty interest for the purposes of substantive due process analysis; vague generalities . . . will not suffice."[7] Because Defendant did not consider the issue, the court can only surmise what sort of interest he claims has been taken from him by the statute. Clearly Defendant's life has not been taken from him nor does has he mentioned the loss of any "property" as envisioned by the Fourteenth Amendment. By process of elimination the court is led to conclude Defendant contends the statute has deprived him of a liberty interest.

This is not the sort of case which involves a liberty interest protected by the substantive due process clause. As the Supreme Court has noted, "[t]he protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity."[8] The Court has expressed reluctance to expand the scope of substantive due process beyond these "because guideposts for responsible decision making in this unchartered area are scarce and open-ended."[9]     In

---

[7]   *Chavez*, 538 U.S. at 775-76.
[8]   *Albright v. Oliver,* 510 U.S. 266, 272 (1994).
[9]   *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997).

7

the absence of an express assertion from Defendant logic dictates there are only two possible candidates: (1) a right to drive a motor vehicle, and/or (2) a right to consume illicit or recreational drugs. Only the first warrants any discussion, and this need only be brief.

There is little doubt there is a fundamental right in interstate travel,[10] but this does not extend to the right to drive. In *Miller v. Reed*[11] the Ninth Circuit Court of Appeals rejected the notion that the right to travel included the right to drive.[12] The state in that case refused to renew the plaintiff's driver's license, and plaintiff sued claiming that this deprived him of a fundamental right.[13] The Ninth Circuit disagreed, pointing out that "burdens on a single mode of transportation do not implicate the right to interstate travel."[14] Even if one were to assume there is some sort of liberty interest in driving, that interest would be far distant from the sort of "deeply rooted in this nation's history and tradition . . . and implicit in the concept of ordered liberty" protected by substantive due process.

---

[10]  *Attorney Gen. of N.Y. v. Soto-Lopez*, 476 U.S. 898, 903 (1986).
[11]  *Miller v. Reed*, 176 F.3d 1202, 1206 (9th Cir. 1999).
[12]  *Id.*
[13]  *Id.*
[14]  *Id.*

It bears mention that it is the specific interest taken by a statute—not the penalty affixed for violation of the statute—which must give rise to a protected liberty interest. The issue before the United States Supreme Court in *Lawrence v. Texas*[15] was whether a Texas statute making it a crime for two persons of the same sex to engage in certain intimate sexual conduct deprived petitioner of a liberty right and, therefore, his right to substantive due process. In searching for a protected liberty interest, the Supreme Court did not rely upon the penalty or stigma attached to a conviction. Rather the Court looked to the underlying interest being taken by the statute—in that case the right to privacy. If indeed the fact that Mr. Cicione is subject to criminal penalties confers upon him a protected liberty interest for purposes of substantive due process, then virtually any substantive criminal statute would be subject to substantive due process review. But as noted previously, the Supreme Court has expressly stated that it is reluctant to find liberty interests except in "matters relating to marriage, family, procreation, and the right to bodily integrity."[16]

---

[15]  539 U.S. 558 (2003).
[16] *Glucksberg*, 521 U.S. at 720.

9

Defendant is asking the court to pass judgment on the wisdom of the General Assembly's decision to make it unlawful to drive for persons with a trace amount of illicit or recreation drugs in their system.   He goes so far as to ask the court to conduct an evidentiary hearing to determine what effect, if any, a trace amount of marijuana or its metabolite has on the ability to drive.   It is not up to the courts of this state to pass judgment on the wisdom of enactments of the General Assembly.[17]   If legislation exceeds the constitutional bounds on legislative enactments, the courts are obligated to say so.   But a court is not permitted, under the guise of substantive due process, to review legislation to see if it has a better idea.[18]   In *Washington v. Glucksburg* the Supreme Court wrote:

> By extending constitutional protection to an asserted right or liberty interest, we, to a great extent, place the matter outside the arena of public debate and legislative action. We must therefore exercise the utmost care whenever we are asked to break new ground in this field lest the liberty protected by the Due Process Clause be subtly transformed into the policy preferences of the Members of this Court.[19]

---

[17]   *Sheehan v. Oblates of St. Francis de Sales*, 15 A.3d 1247, 1259 (De. 2011).
[18]   *Regents of Univ. of Mich. v. Ewing,* 474 U.S. 214, 226 (1985) ("[T]he Court has no license to invalidate legislation which it thinks merely arbitrary or unreasonable.").
[19]   *Washington v. Glucksberg* 521 U.S. 702, 720 (1997)(internal quotation marks omitted).

The same holds true here.

For the foregoing reasons, Defendant's motion to declare section 4177 unconstitutional is **DENIED** and Defendant's motion for a hearing is **DENIED.**

 

Date: September 16, 2014                       _____
                                          John A. Parkins, Jr.
                                       Superior Court Judge

oc: Prothonotary

cc: Barzilai K. Axelrod, Esquire, Wilmington, Delaware - Attorney for the State
Joseph A. Hurley, Esquire, Wilmington, Delaware – Attorney for the Defendant

11